DECISION
This case comes before the Ho-Chunk Nation Supreme Court on appeal of the Trial Court’s Order (Rem,and) in CV 07-44, dated August 15, 2008. Oral arguments were heard on December 6, 2008, by Chief Justice Mary Jo Hunter, Associate Justice Dennis Funmaker, and Associate Justice Joan Greendeer-Lee. Attorney Mark Goodman represented appellee Wayne Falcon; Attorney Michael Murphy appeared for the appellants. Based on the following, we reverse and remand the Trial Court’s Order.
FACTS
Wayne Falcon is an enrolled member uf the Ho-Chunk Nation. Mr. Falcon wa> employed as the Tribal Aging Unit (TAV ■ Director within the Ho-Chunk Nation Department of Health and Social Service-Appellants Liz Haller and Betty Kingsley were both Mr. Falcon’s supervisors while he was employed there. On January 23. 2006, Ms. Matti signed a Notice of Employment Relations Act Violation form placing Mr. Falcon on a thirty-day probation for failing to complete performance-evaluations on time in violation of ERA 6 HCC § 5.14.[1] Mr. Falcon claimed not to have received this Notice until the day m' his termination. Mr. Falcon was terminated from his employment on February 13. 2006, in a meeting with Ms. Kingsley, based on his failure to complete past-due-performance evaluations.
PROCEDURAL HISTORY
On February 20, 2006, Mr. Falcon filed a grievance with the Grievance Review Board (GRB) to contest his termination. The GRB held a hearing on April 25, 2007. more than a year later, and issued it.Decision on May 2, 2007. While the GRB found that the due process provided to Mr. *373 Falcon was “less than ideal,” it ultimately upheld Mr. Falcon’s termination. Mr. Falcon filed a Petition for Administrative Review of Grievance Board Decision with the Trial Court on May 31, 2007.[2] The Tidal Court entered its Order (Remand) on August 15, 2008. The Trial Court first held that Mr. Falcon’s employer failed to provide him his minimal procedural due process rights of notice and an opportunity to be heard [3] prior to his termination. Order (Remand), CV 07-44,17 (HCN Tr. Ct., Aug. 15, 2008). As a result, the Trial Court ordered the GRB to award Mr. Falcon a “minimum monetary judgment” of $10,000 for lost wages. Id., at 18. However, the Trial Court also ordered the case to be remanded to the GRB with instructions to resolve whether Mr. Falcon’s employer provided him notice that his employment was subject to disciplinary action, and whether he was afforded an appropriate pre-deprivation hearing. Id., at 17.
Appellants filed their Notice of Appeal with this Court on October 14, 2008. This Court granted appellant’s Motion for Expedited Consideration of Appeal, and staved the August 15, 2008 Order of the Trial Court. Oral arguments were held before this Court on December 6, 2008.
ISSUES PRESENTED
1. Is this an appeal from a non-final, interlocutory Trial Court Order, and thus untimely filed?
2. Did the Trial Court err in failing to apply the “arbitrary and capricious” standard of review to the GRB Decision?
3. Did the Trial Court abuse its discretion by not discussing the testimony presented to the GRB?
4. Did the Trial Court abuse its discretion by awarding $10,000 to Mr. Falcon?
STANDARD OF REVIEW
In reviewing the Trial Court’s decisions, this Court applies an “abuse of discretion” standard. See Anna Rae Funmaker v. Kathryn Doornbos, SU 96-12 (HCN S.Ct., March 25, 1997); Rae Ann Garcia v. Joan Greendeer-Lee, et al., SU 03-01 (HCN 5.Ct., May 2, 2003); Hope B. Smith v. Ho-Chunk Nation, SU 03-10 (HCN S.Ct., Dec. 8, 2003). Under this highly deferential standard, this Court will uphold the Trial Court’s findings “absent a showing that the Trial Court somehow failed to make a necessary finding, ignored the great weight of the evidence, or otherwise abused it’s [sic ] discretion in making findings of fact.” Smith at 2. In reviewing questions of law and Constitutional interpretation, this Court applies a de novo standard of review. Id. at 5.
DECISION
1. This appeal is from a final Order, and was thus timely filed.
We find that this appeal is brought from a final order, and was thus timely filed before this Court. The Trial Court did remand the case back to the GRB, which sometimes indicates a non-final judgment. However, in this case the Trial Court also made holdings as to the essential issues of *374 the ease. That is, the Trial Court held, after a discussion of the facts, that Mr. Falcon’s due process rights had been violated and awarded him $10,000. Order, at 17-18. This portion of the Trial Court’s Order therefore represents a final judgment, appealable as of right to this Court within sixty days of the Trial Court’s final judgment. The Trial Court issued its Order on August 15, 2008; appellants filed the current appeal on October 14, 2008. The current appeal was thus timely filed.
2. The Trial Court failed to explain why it departed from the appropriate arbitrary and capricious standard of review.
While much of the Trial Court’s Order is devoted to summarizing the Trial Court’s interpretation of “arbitrary and capricious” review,[4] it is not clear that the Trial Court actually applied this standard to the case. This Court does not dispute the idea that the Trial Court need not defer to an agency’s incorrect interpretation of Constitutional issues. See, e.g., Willard Lone Tree v. Larry Garvin, 7 Am. Tribal Law 71, 74-75 (HCN Sup.Ct.2007). However, the Trial Court must apply the deferential arbitrary and capricious review to an agency’s factual determinations. This generally includes such factual determinations as whether or not an employee received notice of termination or a pre-deprivation hearing. The Trial Court undertook no such analysis in this case, nor did it offer an explanation for its apparent departure from the ordinary standard of review.
3. It is not clear whether the Trial Court reviewed the full record before it.
This Court is concerned with the Trial Court’s possible failure to consult the entire record in making its determination that Mr. Falcon did not receive notice of his termination or a pre-deprivation hearing. In making this determination, the Trial Court cites only to the GRB Decision. See Order, at 9-10, 16. For example, the Trial Court makes no mention in its Order of the following documents, found in the Administrative Record: Mr. Falcon’s Ho-Chunk Nation Grievance Form; the Notice of possible termination contained in Ms. Matti’s signed Employment Relation Act Violation; the Disciplinary Action Form signed by Ms. Kingsley; the actual copy of the email sent by Ms. Matti to Mr. Falcon listing past due performance evaluation. Nor was any testimony discussed other than the testimony expressly mentioned by the GRB in its Decision. In reviewing an agency decision, the Trial Court ordinarily must examine whether the agency’s decision was based on substantial evidence and reasonable in light of all of the available evidence. See, e.g., Debra Knudson, v. Ho-Chunk Nation Treasury Dep’t, CV 97-70 (HCN Tr. CL, Feb. 5, 1998) at 13-15 (Ur-der arbitrary and capricious review a Court must determine whether an agency decision was supported by substantial evidence and “reasonable in light of all avai able evidence”).
4.The Trial Court erred in making a monetary award without applying the appropriate standard of review, and which conflicted with its order to remand.
Because the Trial Court did not apply the correct standard of review, or offer an explanation for its departure from the usu *375 al standard, and because it is not clear that it reviewed the entire record in making its decision, the Trial Court’s award of $10,000 to Mr. Falcon was in error. In addition, the Trial Court’s finding that the appellants “failed to provide [Mr. Falcon] minimal procedural due process prior to his termination” and the Court’s subsequent monetary award irreconcilably conflicts with the Trial Court’s order to remand to the GRB to determine whether Mr. Falcon received notice of his termination and a pre-deprivation hearing.
CONCLUSION
Based on the foregoing, the Trial Court’s Order (Remand) is hereby reversed and remanded to the Trial Court with instructions to clarify its reasoning and to issue a single, cohesive decision. In doing so, the Trial Court should look to the entire available record.
EGI HESKEKJET.

. ERA 6 HCC § 5.14(c)(1) states: “For the first violation, the supervisor failing to complete a Performance Evaluation shall be placed on probation and, for procedural violation, shall be required to take corrective action within ten (10) calendar days of (he violation and probation. If the viola! ion has not been corrected within ten (10) calendar days ... the supervisor shall be terminated from the position."

. The Court is unclear as to why Mr. Falcon named the GRB, and not TAU, as a party to the case at the Trial Court level. This is especially peculiar since Mr. Falcon does not ¡ appear pro se in this case, but rather has been represented by counsel throughout these proceedings. However, because this specific issue was not brought before either this Court or the Trial Court, we decline to address the matter further.

. This Court has consistently recognized two distinct components of procedural due process: notice and an opportunity to be heard. See, e.g., Kenneth Lee Twin v. Toni McDonald, et al., SU 05-09 (HCN S.Ct., July 3, 2006) at 7.

. In future cases, this lengthy analysis can be replaced with the case law recently cited in Sharon Williams v. Ho-Chunk Nation Insurance Review Comm'n, SU 08-01 (HEN S.Ct. Oct. 28, 2008), 13-14.